UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Steve Meringoff, Agrimario P. Leite, ESQ Business Services, Inc., Narneet Randhawa, NV Air, Inc., Harnan Tapia De Nardis, Inc., Moises Alvarez, Liberty Marble, Bertha Gloria Ramirez-Villamil, Kid Corp., d/b/a Manatur Restaurant, Roque Cruz, BBR, Inc., Javier Esteban, Mia Fisher, Severa Balbuena.     Plaintiffs,     v.  Peter D. Keisler Acting United States Attorney General  Mary Ann Gantner, District Director United States Citizenship and Immigration Serv.  John (Jack) E. Potter Postmaster General and Chief Executive Officer United States Postal Services  Elaine L. Chao U.S. Secretary of Labor  Patricia Smith, Commissioner of Labor NYS Department of Labor     Defendants. | Civil Action No. 07- CIV9870 (Judge Chin) **COMPLAINT FOR DECLARATORY RELIEF** |

## INTRODUCTION

This is an action for declaratory judgment and injunctive relief to compel the defendants, United

States Department of Labor and the New York Labor Department, New York State Workforce Agency

1

to assign a Labor Certification priority date prior to April 30, 2001 to the approved Labor Certifications approved on behalf of the parties and to further compel the Department of Homeland Security to accept filing of Permanent Resident applications on behalf of the plaintiffs, as if a priority date prior of April 30, 2001 had been assigned.

## JURISDICTIONAL ALLEGATIONS

1.    Jurisdiction is proper under 28 U.S.C. Sec. 1331, federal questions being presented in this action.

2.    This Court further has jurisdiction, pursuant to 28 U.S.C. Sec. 1361, to compel defendants, as officers or employees of the United States or an agency of the United States, to perform duty owed Plaintiffs.

3.    While this issue may tangentially involve immigration by which an appeal to U.S. Court of Appeals, would ordinarily be appropriate, under the Immigration and Nationality Act, § 241(a)(5), as amended, 8 U.S.C.A. § 1231(a)(5); 8 C.F.R. § 241.8, the primary action and controversy involves the *U.S. Department of Labor, the New York Labor Department,* (hereinafter referred to collectively, as the "Department of Labor" unless identified individually) the *United States Postal Servic*e, and the *United States Citizenship and Immigration Services*, and therefore is appropriately heard by this Court.

4.    This case involves an actual controversy within the meaning of 28 U.S.C. § 2201 (the "Declaratory Judgment Act").

5.   Venue is proper under 28 U.S.C. Sec. 1391 (b)(1) and (2), this being a judicial district where a defendant "resides" and where a substantial part of the events or omissions giving rise to the claims occurred and will occur.

## FACTS

6.   On December 21, 2000 the President of the United States signed into law the Life Act Amendments of 2000.  Section 1502 of that law amended Section 245(i) of the Immigration and Nationality Act (hereinafter "Section 245(i)") to provide certain immigration benefits to any alien for whom an immigrant visa petition or a permanent labor certification has been filed no later than April 30, 2001.

7.   The United States Department of Labor issued a Directive dated March 9, 2001.  The Directive indicates that if an application *is received in the office* or in a post office box designated for the purpose of accepting applications by midnight April 30, 2001, the State should date stamp these as being received April 30 (even if the volume of cases received means the actual date stamping will occur some days later).

8.   The United States Department of Justice issued a Memorandum, undated, which relates to eligibility for Section 245(i), as it relates to the postmark issue.  The memorandum states that all applications and petitions as it relates to visa petitions or labor certifications that bears a postmark date on or before April 30, 2001 regardless of the date of receipt shall be considered filed on the date indicated on the postmark for purposes of Section 245(i) eligibility.

9.    The United States Postal Service in a letter dated January 26, 2006 stated that certified mail sent from a New York postal address to a New York postal address should take no longer than two (2) days.

10.    The plaintiffs, individually identified herein below, did file labor certifications by certified mail return receipt requested on April 24, 2001 and will produce evidence of the same.

11.    Each of the plaintiffs, however, received the same priority date (date of receipt) of May 3, 2001.

12.    As a consequence the plaintiffs have been denied subsequent eligibility for adjustment of status, because the priority date assigned by the Department of Labor.

13.    The plaintiffs are eligible for adjustment status pursuant to Section 245(i), if the Department of Labor rescinds its priority date of May 3, 2001 on the plaintiffs specific labor certifications and establishes it as April 30, 2001.

## PARTIES

14.    The Employer, <u>Steve Meringoff</u> is a United States Citizen engaged in lawful business, who did forward an application for Alien Employment Certification on behalf of the alien <u>Agrimario Leite</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001.  The certification was approved by the United States Department of Labor on May 3, 2004 and assigned a priority date of <u>May 3, 2001.</u>

4

15.    The Employer, <u>ESQ Business Services, Inc</u>. is a native corporation engaged in lawful business, who did forward an application for Alien Employment Certification on behalf of the alien <u>Narneet Randhawa</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001.  The certification was approved by the United States Department of Labor on <u>March 23, 2005</u> and assigned a priority date of <u>May 3, 2001.</u>

16.    The Employer, <u>NV Air</u> is a native corporation engaged in lawful business, who did forward an application for Alien Employment Certification on behalf of the alien <u>Harnan Tapia</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001.  The certification was approved by the United States Department of Labor on <u>March 25, 2005</u> and assigned a priority date of <u>May 3, 2001</u>

17.    The Employer, <u>De Nardis, Inc.</u>  is a native corporation engaged in lawful business, did forward an application for Alien Employment Certification on behalf of the alien Moises Alvarez to the New York State Workforce Agency by certified mail prior to April 24, 2001. The certification was approved by the United States Department of Labor on <u>December 9, 2005</u> and assigned a priority date of <u>May 3, 2001.</u>

18.    The Employer, <u>Liberty Marble</u> is a native corporation engaged in lawful business, did forward an application for Alien Employment Certification on behalf of the alien <u>Bertha Gloria Ramirez-Villamil</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001.  The certification was approved by the United States Department of Labor on <u>July 18, 2006</u> and assigned a priority date of <u>May 3, 2001</u>.

19. The Employer, <u>Kid Corp. Inc. d/b/a Manatur Restaurant</u> is a native corporation engaged in lawful business, who did forward an application for Alien Employment Certification on behalf of the alien <u>Roque Cruz</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001. The certification was approved by the United States Department of Labor on <u>June 7, 2006</u> and assigned a priority date of <u>May 3, 2001.</u>

20. The Employer, <u>BBR Inc.</u> is a native corporation engaged in lawful business, who did forward an application for Alien Employment Certification on behalf of the alien <u>Javier Esteban</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001. The certification was approved by the United States Department of Labor on <u>May 25, 2004</u> and assigned a priority date of <u>May 3, 2001</u>.

21. The Employer, <u>Mia Fisher</u> is a United States Citizen engaged in lawful business, who did forward an Application for Alien Employment Certification on behalf of the alien <u>Severa Balbuena</u> to the New York State Workforce Agency by certified mail on April 24, 2001. The certification was approved by the United States Department of Labor on <u>February 8, 2005</u> and assigned a priority date of <u>May 3, 2001.</u>

22. The Employer, <u>Natlex, Inc., d/b/a/ Burrito Loco</u> is a native corporation engaged in lawful business, who did forward an Application for Alien Employment Certification on behalf of the alien <u>Miguel Angel Moran</u> to the New York State Workforce Agency by certified mail on April 24, 2001. The certification was approved by the United States Department of Labor on

February 23, 2005 and assigned a priority date of May 3, 2001.

23.    Paul Kiesler, Acting United States Attorney General is named in his official capacity as the individual authorized to establish regulations, policies and procedures for recognizing the "priority date" of labor petitions filed with the United States Citizenship and Immigration Services.

24.    Mary Ann Gantner, District Director of the United States Citizenship and Immigration Services for the District of New York is named in her official capacity as the individual authorized to approve applications for permanent residence based upon approved labor petitions filed with USCIS in her district.

25.    Elaine L. Chao, U.S. Secretary of Labor is named in her official capacity as the individual authorized to establish the regulations, policies and procedures in regard to Foreign Labor Certifications.

26.     Patricia Smith, Commissioner of Labor, New York State Department of Labor is named in her official capacity as the individual authorized to establish the regulations, polices, and procedures in regard to Foreign Labor Certifications filed in 2001.

27.    John (Jack) E. Potter, Postmaster General and Chief Executive Officer, United States Postal Services is named in his official capacity as the individual with responsibility for delivery of certified mail.

## CAUSE OF ACTION

## COUNT I

28.  Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

29.  Steve Meringoff forwarded an application for Alien Employment Certification on behalf of the alien Agrimario Leite to the New York State Workforce Agency by certified mail prior to April 24, 2001.  The certification was approved by the United States Department of Labor on May 3, 2004 and assigned a priority date of May 3, 2001.

30.  Steve Meringoff as an employer and Agrimario Leite as a beneficiary are being denied the due process of law in that their labor certification should have a priority date of April 30, 2001 or earlier, but for the arbitrary and capricious nature, which was contrary to stated policy, of the docketing of mail delivered by the United States Postal Service and received by the Department of Labor.

31.  Similarly situated employers and beneficiaries who mailed their applications on April 24, 2001 by certified mail, have otherwise received the benefits of an April 30, 2001 priority date with no further administrative process required.

32.  A declaratory judgment will serve the useful and beneficiary purpose of determining that because the plaintiffs can establish timely mailing of the labor certification, their priority date should necessarily be April 30, 2001 or earlier.

33.  On information and belief, the labor certifications previously set forth in the complaint were all received by the State Work Force prior to April 30, 2001and, in the event that was not the

case, the plaintiffs should still get the benefit of the mailing date because they did timely file the applications.

34.     The Homeland Security, in refusing to recognize <u>Agrimario Leite</u> as 245(i) eligible, did not conform to their own memorandum as to granting 245(i) eligibility based upon the date of postal marks.

35.     The State Work Force actions did not conform to the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001 as they were not specifically designated.

## <u>COUNT II</u>

36.     Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

37.     <u>ESQ Business Services, Inc.</u> forwarded an application for Alien Employment Certification on behalf of the alien <u>Narneet Randhawa</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001.   The certification was approved by the United States Department of Labor on <u>March 23, 2005</u> and assigned a priority date of <u>May 3, 2001.</u>

38.     <u>ESQ Business Services, Inc.</u> as an employer and <u>Narneet Randhawa</u> as a beneficiary are being denied the due process of law in that their labor certification should have a priority date of April 30, 2001 or earlier, but for the arbitrary and capricious nature, which was contrary to stated policy, of the docketing of mail delivered by the United States Postal Service and received by the Department of Labor.

39.  Similarly situated employers and beneficiaries who mailed their applications on April 24, 2001 by certified mail, have otherwise received the benefits of an April 30, 2001 priority date with no further administrative process required.

40.  A declaratory judgment will serve the useful and beneficiary purpose of determining that because the plaintiffs can establish timely mailing of the labor certification, their priority date should necessarily be April 30, 2001 or earlier.

41.  On information and belief, the labor certifications previously set forth in the complaint were all received by the State Work Force prior to April 30, 2001and, in the event that was not the case, the plaintiffs should still get the benefit of the mailing date because they did timely file the applications.

42.  The Homeland Security, in refusing to recognize Narneet Randhawa as 245(i) eligible, did not conform to their own memorandum as to granting 245(i) eligibility based upon the date of postal marks.

43.  The State Work Force actions did not conform to the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001 as they were not specifically designated.

**COUNT III**

44.  Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

45.  NV Air, Inc.. forwarded an application for Alien Employment Certification on behalf of the

alien <u>Harnan Tapia</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001. The certification was approved by the United States Department of Labor on <u>March 25, 2005</u> and assigned a priority date of <u>May 3, 2001.</u>

46.    <u>NV Air, Inc.</u> as an employer and <u>Harnan Tapia</u> as a beneficiary are being denied the due process of law in that their labor certification should have a priority date of April 30, 2001 or earlier, but for the arbitrary and capricious nature, which was contrary to stated policy, of the docketing of mail delivered by the United States Postal Service and received by the Department of Labor.

47.    Similarly situated employers and beneficiaries who mailed their applications on April 24, 2001 by certified mail, have otherwise received the benefits of an April 30, 2001 priority date with no further administrative process required.

48.    A declaratory judgment will serve the useful and beneficiary purpose of determining that because the plaintiffs can establish timely mailing of the labor certification, their priority date should necessarily be April 30, 2001 or earlier.

49.    On information and belief, the labor certifications previously set forth in the complaint were all received by the State Work Force prior to April 30, 2001and, in the event that was not the case, the plaintiffs should still get the benefit of the mailing date because they did timely file the applications.

50.    The Homeland Security, in refusing to recognize <u>Harnan Tapia</u>  as 245(i) eligible, did not

conform to their own memorandum as to granting 245(i) eligibility based upon the date of postal marks.

51.    The State Work Force actions did not conform to the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001 as they were not specifically designated.

## COUNT IV

52.    Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

53.    De Nardis, Inc. forwarded an application for Alien Employment Certification on behalf of the alien Moises Alvarez to the New York State Workforce Agency by certified mail prior to April 24, 2001.  The certification was approved by the United States Department of Labor on December 9, 2005 and assigned a priority date of May 3, 2001.

54.    De Nardis, Inc. as an employer and Moises Alvarez as a beneficiary are being denied the due process of law in that their labor certification should have a priority date of April 30, 2001 or earlier, but for the arbitrary and capricious nature, which was contrary to stated policy, of the docketing of mail delivered by the United States Postal Service and received by the Department of Labor.

55.    Similarly situated employers and beneficiaries who mailed their applications on April 24, 2001 by certified mail, have otherwise received the benefits of an April 30, 2001 priority date with no further administrative process required.

56.     A declaratory judgment will serve the useful and beneficiary purpose of determining that because the plaintiffs can establish timely mailing of the labor certification, their priority date should necessarily be April 30, 2001 or earlier.

57.     On information and belief, the labor certifications previously set forth in the complaint were all received by the State Work Force prior to April 30, 2001and, in the event that was not the case, the plaintiffs should still get the benefit of the mailing date because they did timely file the applications.

58.     The Homeland Security, in refusing to recognize Moises Alvarez as 245(i) eligible, did not conform to their own memorandum as to granting 245(i) eligibility based upon the date of postal marks.

59.     The State Work Force actions did not conform to the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001 as they were not specifically designated.

**COUNT V**

60.     Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

61.     Liberty Marble. forwarded an application for Alien Employment Certification on behalf of the alien Bertha Gloria Ramirez-Villamil to the New York State Workforce Agency by certified mail prior to April 24, 2001.  The certification was approved by the United States Department of Labor on July 18, 2006 and assigned a priority date of May 3, 2001.

62.     <u>Liberty Marble.</u> as an employer and <u>Bertha Gloria Ramirez-Villmail</u> as a beneficiary are being denied the due process of law in that their labor certification should have a priority date of April 30, 2001 or earlier, but for the arbitrary and capricious nature, which was contrary to stated policy, of the docketing of mail delivered by the United States Postal Service and received by the Department of Labor.

63.     Similarly situated employers and beneficiaries who mailed their applications on April 24, 2001 by certified mail, have otherwise received the benefits of an April 30, 2001 priority date with no further administrative process required.

64.     A declaratory judgment will serve the useful and beneficiary purpose of determining that because the plaintiffs can establish timely mailing of the labor certification, their priority date should necessarily be April 30, 2001 or earlier.

65.     On information and belief, the labor certifications previously set forth in the complaint were all received by the State Work Force prior to April 30, 2001and, in the event that was not the case, the plaintiffs should still get the benefit of the mailing date because they did timely file the applications.

66.     The Homeland Security, in refusing to recognize <u>Bertha Gloria Ramirez-Villamil</u> as 245(i) eligible, did not conform to their own memorandum as to granting 245(i) eligibility based upon the date of postal marks.

67.     The State Work Force actions did not conform to the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001 as they were

not specifically designated.

## COUNT VI

68.    Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

69.    <u>Kid Corp., d/b/a Manatur Restaurant, Inc.</u> forwarded an application for Alien Employment Certification on behalf of the alien <u>Roque Cruz</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001.  The certification was approved by the United States Department of Labor on <u>June 7, 2006</u> and assigned a priority date of <u>May 3, 2001.</u>

70.    <u>Kid Corp. d/b/a Manatur Restaurant, Inc..</u> as an employer and <u>Roque Cruz</u> as a beneficiary are being denied the due process of law in that their labor certification should have a priority date of April 30, 2001 or earlier, but for the arbitrary and capricious nature, which was contrary to stated policy, of the docketing of mail delivered by the United States Postal Service and received by the Department of Labor.

71.    Similarly situated employers and beneficiaries who mailed their applications on April 24, 2001 by certified mail, have otherwise received the benefits of an April 30, 2001 priority date with no further administrative process required.

72.    A declaratory judgment will serve the useful and beneficiary purpose of determining that because the plaintiffs can establish timely mailing of the labor certification, their priority date should necessarily be April 30, 2001 or earlier.

73.    On information and belief, the labor certifications previously set forth in the complaint were

all received by the State Work Force prior to April 30, 2001and, in the event that was not the case, the plaintiffs should still get the benefit of the mailing date because they did timely file the applications.

74. The Homeland Security, in refusing to recognize <u>Roque Cruz</u> as 245(i) eligible, did not conform to their own memorandum as to granting 245(i) eligibility based upon the date of postal marks.

75. The State Work Force actions did not conform to the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001 as they were not specifically designated.

## <u>COUNT VII</u>

76. Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

77. <u>BBR, Inc.</u> forwarded an application for Alien Employment Certification on behalf of the alien <u>Javier Esteban</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001. The certification was approved by the United States Department of Labor on <u>May 25, 2004</u> and assigned a priority date of <u>May 3, 2001.</u>

78. <u>BBR, Inc.</u> as an employer and <u>Javier Esteban</u> as a beneficiary are being denied the due process of law in that their labor certification should have a priority date of April 30, 2001 or earlier, but for the arbitrary and capricious nature, which was contrary to stated policy, of the

docketing of mail delivered by the United States Postal Service and received by the Department of Labor.

79.  Similarly situated employers and beneficiaries who mailed their applications on April 24, 2001 by certified mail, have otherwise received the benefits of an April 30, 2001 priority date with no further administrative process required.

80.  A declaratory judgment will serve the useful and beneficiary purpose of determining that because the plaintiffs can establish timely mailing of the labor certification, their priority date should necessarily be April 30, 2001 or earlier.

81.  On information and belief, the labor certifications previously set forth in the complaint were all received by the State Work Force prior to April 30, 2001and, in the event that was not the case, the plaintiffs should still get the benefit of the mailing date because they did timely file the applications.

82.  The Homeland Security, in refusing to recognize Javier Esteban as 245(i) eligible, did not conform to their own memorandum as to granting 245(i) eligibility based upon the date of postal marks.

83.  The State Work Force actions did not conform to the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001 as they were not specifically designated.

## COUNT VIII

84.    Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

85.    <u>Mia Fisher.</u> forwarded an application for Alien Employment Certification on behalf of the alien <u>Severa Balbuena</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001.  The certification was approved by the United States Department of Labor on <u>February 8, 2005</u> and assigned a priority date of <u>May 3, 2001.</u>

86.    <u>Mia Fisher.</u> as an employer and <u>Severa Balbuena</u> as a beneficiary are being denied the due process of law in that their labor certification should have a priority date of April 30, 2001 or earlier, but for the arbitrary and capricious nature, which was contrary to stated policy, of the docketing of mail delivered by the United States Postal Service and received by the Department of Labor.

87.    Similarly situated employers and beneficiaries who mailed their applications on April 24, 2001 by certified mail, have otherwise received the benefits of an April 30, 2001 priority date with no further administrative process required.

88.    A declaratory judgment will serve the useful and beneficiary purpose of determining that because the plaintiffs can establish timely mailing of the labor certification, their priority date should necessarily be April 30, 2001 or earlier.

89.    On information and belief, the labor certifications previously set forth in the complaint were all received by the State Work Force prior to April 30, 2001and, in the event that was not the case, the plaintiffs should still get the benefit of the mailing date because they did timely file

the applications.

90.     The Homeland Security, in refusing to recognize <u>Severa Balbuena</u> as 245(i) eligible, did not conform to their own memorandum as to granting 245(i) eligibility based upon the date of postal marks.

91.     The State Work Force actions did not conform to the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001 as they were not specifically designated.

## <u>COUNT IX</u>

92.     Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

93.     <u>Natlex, Inc. d/b/a Burrito Loco.</u> forwarded an application for Alien Employment Certification on behalf of the alien <u>Miquel Angel Moran</u> to the New York State Workforce Agency by certified mail prior to April 24, 2001.  The certification was approved by the United States Department of Labor on <u>February 23, 2005</u> and assigned a priority date of <u>May 3, 2001.</u>

94.     <u>Natlex, Inc. d/b/a Burrito Loco.</u> as an employer and <u>Miquel Angel Moran</u> as a beneficiary are being denied the due process of law in that their labor certification should have a priority date of April 30, 2001 or earlier, but for the arbitrary and capricious nature, which was contrary to stated policy, of the docketing of mail delivered by the United States Postal Service and received by the Department of Labor.

95.    Similarly situated employers and beneficiaries who mailed their applications on April 24, 2001 by certified mail, have otherwise received the benefits of an April 30, 2001 priority date with no further administrative process required.

96.    A declaratory judgment will serve the useful and beneficiary purpose of determining that because the plaintiffs can establish timely mailing of the labor certification, their priority date should necessarily be April 30, 2001 or earlier.

97.    On information and belief, the labor certifications previously set forth in the complaint were all received by the State Work Force prior to April 30, 2001and, in the event that was not the case, the plaintiffs should still get the benefit of the mailing date because they did timely file the applications.

98.    The Homeland Security, in refusing to recognize Miquel Angel Moran as 245(i) eligible, did not conform to their own memorandum as to granting 245(i) eligibility based upon the date of postal marks.

99.    The State Work Force actions did not conform to the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001 as they were not specifically designated.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs request that the Court:

a.      Declare that the Department of Labor and its client federal and state agencies are in violation of its own rules, regulations, and policy as concerns determination of a priority date for labor certifications;

b.      declare that the individual plaintiffs' Priority Date is April 30, 2007, and further or in the alternative;

c.      issue an injunction ordering the Department of Labor and its client federal and state agencies to amend the priority dates of the plaintiffs' labor certifications to reflect April 30, 2001; and

d.      issue an injunction order the Department of Homeland Security to recognize the amended priority date for the purpose of the plaintiffs' subsequent labor petitions and applications for permanent residence; and

e.      grant such additional relief as the Court deems just and proper.

Dated: November 1, 2007

Respectfully Submitted,

/S/

Glenn L. Formica,
CT Federal Bar No.ct21053
Admitted Pro Hoc Upon Motion
Formica, P.C.
27 Elm Street
New Haven, Connecticut 06510
Telephone: (203) 789-8456
Facsimile: (203) 785-0778
Courts@formicalaw.com

*For the Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————
Steve Meringoff and                                      )
Agrimario P. Leite, et al                                )
                                                         )
        Plaintiffs,                                      )
                                                         )          Civil Action No. _____
        v.                                               )
                                                         )          **COMPLAINT FOR**
Peter D. Keisler                                         )          **DECLARATORY**
Acting United States Attorney General                    )          **RELEIF**
                                                         )
Mary Ann Gantner, District Director                      )
United States Citizenship and Immigration Serv.          )
                                                         )
John (Jack) E. Potter                                    )
Postmaster General and Chief Executive Officer           )
United States Postal Services                            )
                                                         )
Elaine L. Chao                                           )
U.S. Secretary of Labor                                  )
                                                         )
Patricia Smith, Commissioner of Labor                    )
NYS Department of Labor                                  )
                                                         )
        Defendants.                                      )
———————————————————————————                              )

## APPEARANCE

Please enter the pro hac appearance of Attorney Glenn L. Formica, 27 Elm Street, New Haven, Connecticut 06510, Telephone (203) 789-8456, Facsimile (203) 785-0778 as counsel for the above captioned plaintiffs. As this is an e-file case, court filings, responses, and certifications are requested to: Courts@formicalaw.com and general correspondence of opposing counsel to gformica@formicalaw.com

Dated: November 1, 2007

22

Respectfully Submitted,

/S/

Glenn L. Formica,
CT Federal Bar No.ct21053
Admitted Pro Hoc Upon Motion
Formica, P.C.
27 Elm Street
New Haven, Connecticut 06510
Telephone: (203) 789-8456
Facsimile: (203) 785-0778
Courts@formicalaw.com

*For the Plaintiffs*