UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Steve Meringoff, Agrimario P. Leite, ESQ Business Services, Inc., Narneet Randhawa, NV Air, Inc., Harnan Tapia De Nardis, Inc., Moises Alvarez, Liberty Marble, Bertha Gloria Ramirez-Villamil, Kid Corp., d/b/a Manatur Restaurant, Roque Cruz, BBR, Inc., Javier Esteban, Mia Fisher, Severa Balbuena,<br><br>        Plaintiff,<br><br>        v.<br><br>Peter D. Keisler, Acting United States Attorney General,<br><br>Mary Ann Gantner, District Director, United States Citizenship and Immigration Service.,<br><br>John (Jack) E. Porter, Postmaster General and Chief Executive Officer, United States Postal Services,<br><br>Elaine L. Chao, U.S. Secretary of Labor,<br><br>M. Patricia Smith, Commissioner of Labor, New York State Department of Labor,<br><br>        Defendants. | Civil Action No. 07-CIV9870<br>(Judge Chin)<br><br>**ANSWER** |

Defendant, M. Patricia Smith, as Commissioner of the New York State Department of Labor ("NY DOL"), by her attorney the Attorney General of the State of New York, answers the Amended Complaint for Declaratory Relief filed by plaintiffs as follows:

1

## ADMISSIONS AND DENIALS

1.    As to paragraph 1, defendant, NY DOL, neither admits nor denies the allegation as it constitutes an attempt to state conclusions of law as to which no answer is required.

2.    As to paragraph 2, defendant, NY DOL, denies allegations therein as defendant, NY DOL, is not an officer or employee of the United States or agency thereof.

3.    As to paragraph 3, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

4.    As to paragraph 4, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

5.    Defendant, NY DOL, admits the allegations of paragraph 5 of plaintiffs' Amended Complaint.

6.    As to paragraph 6, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

7.   Defendant, NY DOL, admits the allegations of paragraph 7 of
     plaintiffs' Amended Complaint.


8.   As to paragraph 8, defendant, NY DOL, lacks sufficient
     information or belief to determine, at this stage of the
     proceedings, whether the allegations of the Amended
     Complaint are true or not and, for that reason, cannot and
     does not respond further.


9.   As to paragraph 9, defendant, NY DOL, lacks sufficient
     information or belief to determine, at this stage of the
     proceedings, whether the allegations of the Amended
     Complaint are true or not and, for that reason, cannot and
     does not respond further.


10.  As to paragraph 10, defendant, NY DOL, neither admits nor
     denies that the date of mailing of labor certifications are
     the same as their "filing dates" as it constitutes an
     attempt to state conclusions of law as to which no answer is
     required.


11.  As to paragraph 11, defendant, NY DOL, lacks sufficient
     knowledge or information to determine, at this stage of the
     proceedings, whether the allegations are true or not, as it

no longer has physical possession of the copies of the relevant applications, although NY DOL computer records show that the documents were received on May 3, 2001, and for that reason cannot and does not respond further.

12.  As to paragraph 12, defendant, NY DOL, lacks sufficient information or belief to determine, at this stage of the proceedings, whether the allegations of the Amended Complaint are true or not.

13.  As to paragraph 13, of the Amended Complaint, defendant, NY DOL, neither admits nor denies the allegations, as they constitute an attempt to state conclusions of law as to which no answer is required.

## **PARTIES**

14.  As to paragraphs 14 -22 & 24, defendant, NY DOL, lacks sufficient knowledge or information to determine, at this stage of the proceedings, whether the allegations are true or false, as it no longer has physical possession of the copies of the relevant applications, although NY DOL computer records show that the documents were received on May 3, 2001, and for that reason cannot and does not respond further.

4

15.   As to paragraph 23, 25, 28, defendant, NY DOL, lacks

      sufficient information or belief to determine whether the

      allegations are true or not.


16.   As to paragraph 26, defendant, NY DOL, admits that Elaine L.

      Chao, is the US Secretary of Labor, but neither admits or

      denies each and every remaining allegation of paragraph 26

      as they constitute attempts to state conclusions of law as

      to which no answer is required.


17.   As to paragraph 27, defendant, NY DOL, admits that M.

      Patricia Smith has been the Commissioner of Labor for the

      New York State Department of Labor since March 6, 2007, but

      neither admits nor denies each and every remaining

      allegation of paragraph 27 as they constitute attempts to

      state conclusions of law as to which no answer is required.


## CAUSES OF ACTION

### COUNT I

18.   For its answer to paragraph 29 thereof, defendant, NY DOL,

      realleges its answers to preceding paragraphs, inclusive, as

      if fully set forth herein.

19.  As to paragraph 30, NY DOL assumes (here and throughout this
     Answer) that mentions of "the New York State Workforce
     Agency" and "State Work Force" refer to this defendant, NY
     DOL. Based on that assumption, defendant NY DOL lacks
     sufficient knowledge or information to determine, at this
     stage of the proceedings, whether the allegations are true
     or false as it no longer has physical possession of the
     copies of the relevant applications, although NY DOL
     computer records show that the documents were received on
     May 3, 2001, and for that reason cannot and does not respond
     further.

20.  As to paragraph 31, defendant, NY DOL, denies allegations
     therein insofar as they allege that NY DOL acted
     arbitrarily, capriciously or contrary to stated policy, and
     in other respects, neither admits nor denies the allegations
     as they constitute attempts to state conclusions of law as
     to which no answer is required.

21.  As to paragraph 32, defendant, NY DOL, lacks sufficient
     knowledge, at this stage of the proceedings, of similarly
     situated employers and beneficiaries who mailed their
     applications on April 24, 2001, as it no longer has physical
     possession of the copies of the relevant applications and

for that reason cannot and does not respond further.

22.  As to paragraph 33, of the Amended Complaint, defendant, NY
     DOL, neither admits nor denies the allegations as they
     constitute attempts to state conclusions of law as to which
     no answer is required.

23.  As to paragraph 34, defendant, NY DOL, denies allegations
     that labor certifications were received by it prior to April
     30, 2001. As to the remaining allegations in this paragraph,
     defendant, NY DOL, neither admits nor denies the allegations
     as they constitute attempts to state conclusions of law as
     to which no answer is required.

24.  As to paragraph 35, defendant, NY DOL, lacks sufficient
     information or belief to determine, at this stage of the
     proceedings, whether the allegations in this paragraph are
     true or not and for these reasons cannot and does not
     respond further.

25.  As to paragraph 36, defendant, NY DOL assumes that what this
     paragraph calls "the memorandum set forth by the United
     States Department of Labor on the applications received
     prior to April 30, 2001" is the same as the "Directive dated

7

March 9, 2001" referred to in the Amended Complaint's paragraph 7, and on that assumption, denies each and every allegation therein.

**COUNT II**

26. For its answer to paragraph 37 thereof, defendant, NY DOL, realleges its answers to preceding paragraphs, inclusive, as if fully set forth herein.

27. As to paragraph 38, defendant NY DOL lacks sufficient knowledge or information to determine, at this stage of the proceedings, whether the allegations are true or false as it no longer has physical possession of the copies of the relevant applications, although NY DOL computer records show that the documents were received on May 3, 2001, and for that reason cannot and does not respond further.

28. As to paragraph 39, defendant, NY DOL, denies allegations therein insofar as they allege that NY DOL acted arbitrarily, capriciously or contrary to stated policy, and in other respects, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

29.  As to paragraph 40, defendant, NY DOL, lacks sufficient knowledge, at this stage of the proceedings, of similarly situated employers and beneficiaries who mailed their applications on April 24, 2001, as it no longer has physical possession of the copies of the relevant applications and for that reason cannot and does not respond further.

30.  As to paragraph 41, of the Amended Complaint, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

31.  As to paragraph 42, defendant, NY DOL, denies allegations that labor certifications were received by it prior to April 30, 2001. As to the remaining allegations in this paragraph, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

32.  As to paragraph 43, defendant, NY DOL, lacks sufficient information or belief to determine, at this stage of the proceedings, whether the allegations in this paragraph are true or not and for these reasons cannot and does not respond further.

33.  As to paragraph 44, defendant, NY DOL, assumes that what
     this paragraph calls "the memorandum set forth by the United
     States Department of Labor on the applications received
     prior to April 30, 2001" is the same as the "Directive dated
     March 9, 2001" referred to in the Amended Complaint's
     paragraph 7, and on that assumption, denies each and every
     allegation therein.

**COUNT III**

34.  For its answer to paragraph 45 thereof, defendant, NY DOL,
     realleges its answers to preceding paragraphs, inclusive, as
     if fully set forth herein.

35.  As to paragraph 46, defendant NY DOL lacks sufficient
     knowledge or information to determine, at this stage of the
     proceedings, whether the allegations are true or false as it
     no longer has physical possession of the copies of the
     relevant applications, although NY DOL computer records show
     that the documents were received on May 3, 2001, and for
     that reason cannot and does not respond further.

36.  As to paragraph 47, defendant, NY DOL, denies allegations
     therein insofar as they allege that NY DOL acted

arbitrarily, capriciously or contrary to stated policy, and in other respects, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

37. As to paragraph 48, defendant, NY DOL, lacks sufficient knowledge, at this stage of the proceedings, of similarly situated employers and beneficiaries who mailed their applications on April 24, 2001, as it no longer has physical possession of the copies of the relevant applications and for that reason cannot and does not respond further.

38. As to paragraph 49, of the Amended Complaint, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

39. As to paragraph 50, defendant, NY DOL, denies allegations that labor certifications were received by it prior to April 30, 2001. As to the remaining allegations in this paragraph, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

40.   As to paragraph 51, defendant, NY DOL, lacks sufficient
      information or belief to determine, at this stage of the
      proceedings, whether the allegations in this paragraph  are
      true or not and for these reasons cannot and does not
      respond further.

41.   As to paragraph 52, defendant, NY DOL, assumes that what
      this paragraph calls "the memorandum set forth by the United
      States Department of Labor on the applications received
      prior to April 30, 2001" is the same as the "Directive dated
      March 9, 2001" referred to in the Amended Complaint's
      paragraph 7, and on that assumption, denies each and every
      allegation therein.

**COUNT IV**

42.   For its answer to paragraph 53 thereof, defendant, NY DOL,
      realleges its answers to preceding paragraphs, inclusive, as
      if fully set forth herein.

43.   As to paragraph 54, defendant NY DOL lacks sufficient
      knowledge or information to determine, at this stage of the
      proceedings, whether the allegations are true or false as it
      no longer has physical possession of the copies of the
      relevant applications, although NY DOL computer records show

that the documents were received on May 3, 2001, and for that reason cannot and does not respond further.

44. As to paragraph 55, defendant, NY DOL, denies allegations therein insofar as they allege that NY DOL acted arbitrarily, capriciously or contrary to stated policy, and in other respects, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

45. As to paragraph 56, defendant, NY DOL, lacks sufficient knowledge, at this stage of the proceedings, of similarly situated employers and beneficiaries who mailed their applications on April 24, 2001, as it no longer has physical possession of the copies of the relevant applications and for that reason cannot and does not respond further.

46. As to paragraph 57, of the Amended Complaint, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

47. As to paragraph 58, defendant, NY DOL, denies allegations

that labor certifications were received by it prior to April 30, 2001. As to the remaining allegations in this paragraph, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

48.  As to paragraph 59, defendant, NY DOL, lacks sufficient information or belief to determine, at this stage of the proceedings, whether the allegations in this paragraph  are true or not and for these reasons cannot and does not respond further.

49.  As to paragraph 60, defendant, NY DOL, assumes that what this paragraph calls "the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001" is the same as the "Directive dated March 9, 2001" referred to in the Amended Complaint's paragraph 7, and on that assumption, denies each and every allegation therein.

**COUNT V**

50.  For its answer to paragraph 61 thereof, defendant, NY DOL, realleges its answers to preceding paragraphs, inclusive, as if fully set forth herein.

14

51.  As to paragraph 62, defendant NY DOL lacks sufficient
     knowledge or information to determine, at this stage of the
     proceedings, whether the allegations are true or false as it
     no longer has physical possession of the copies of the
     relevant applications, although NY DOL computer records show
     that the documents were received on May 3, 2001, and for
     that reason cannot and does not respond further.

52.  As to paragraph 63, defendant, NY DOL, denies allegations
     therein insofar as they allege that NY DOL acted
     arbitrarily, capriciously or contrary to stated policy, and
     in other respects, neither admits nor denies the allegations
     as they constitute attempts to state conclusions of law as
     to which no answer is required.

53.  As to paragraph 64, defendant, NY DOL, lacks sufficient
     knowledge, at this stage of the proceedings, of similarly
     situated employers and beneficiaries who mailed their
     applications on April 24, 2001, as it no longer has physical
     possession of the copies of the relevant applications and
     for that reason cannot and does not respond further.

54.  As to paragraph 65, of the Amended Complaint, defendant, NY

15

DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

55.  As to paragraph 66, defendant, NY DOL, denies allegations that labor certifications were received by it prior to April 30, 2001. As to the remaining allegations in this paragraph, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

56.  As to paragraph 67, defendant, NY DOL, lacks sufficient information or belief to determine, at this stage of the proceedings, whether the allegations in this paragraph  are true or not and for these reasons cannot and does not respond further.

57.  As to paragraph 68, defendant, NY DOL assumes that what this paragraph calls "the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001" is the same as the "Directive dated March 9, 2001" referred to in the Amended Complaint's paragraph 7, and on that assumption, denies each and every allegation therein.

16

<u>**COUNT VI**</u>

58.  For its answer to paragraph 69 thereof, defendant, NY DOL,
     realleges its answers to preceding paragraphs, inclusive, as
     if fully set forth herein.

59.  As to paragraph 70, defendant NY DOL lacks sufficient
     knowledge or information to determine, at this stage of the
     proceedings, whether the allegations are true or false as it
     no longer has physical possession of the copies of the
     relevant applications, although NY DOL computer records show
     that the documents were received on May 3, 2001, and for
     that reason cannot and does not respond further.

60.  As to paragraph 71, defendant, NY DOL, denies allegations
     therein insofar as they allege that NY DOL acted
     arbitrarily, capriciously or contrary to stated policy, and
     in other respects, neither admits nor denies the allegations
     as they constitute attempts to state conclusions of law as
     to which no answer is required.

61.  As to paragraph 72, defendant, NY DOL, lacks sufficient
     knowledge, at this stage of the proceedings, of similarly
     situated employers and beneficiaries who mailed their

applications on April 24, 2001, as it no longer has physical possession of the copies of the relevant applications and for that reason cannot and does not respond further.

62. As to paragraph 73, of the Amended Complaint, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

63. As to paragraph 74, defendant, NY DOL, denies allegations that labor certifications were received by it prior to April 30, 2001. As to the remaining allegations in this paragraph, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

64. As to paragraph 75, defendant, NY DOL, lacks sufficient information or belief to determine, at this stage of the proceedings, whether the allegations in this paragraph are true or not and for these reasons cannot and does not respond further.

65. As to paragraph 76, defendant, NY DOL assumes that what this paragraph calls "the memorandum set forth by the United

States Department of Labor on the applications received prior to April 30, 2001" is the same as the "Directive dated March 9, 2001" referred to in the Amended Complaint's paragraph 7, and on that assumption, denies each and every allegation therein.

**COUNT VII**

66. For its answer to paragraph 77 thereof, defendant, NY DOL, realleges its answers to preceding paragraphs, inclusive, as if fully set forth herein.

67. As to paragraph 78, defendant NY DOL lacks sufficient knowledge or information to determine, at this stage of the proceedings, whether the allegations are true or false as it no longer has physical possession of the copies of the relevant applications, although NY DOL computer records show that the documents were received on May 3, 2001, and for that reason cannot and does not respond further.

68. As to paragraph 79, defendant, NY DOL, denies allegations therein insofar as they allege that NY DOL acted arbitrarily, capriciously or contrary to stated policy, and in other respects, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as

19

to which no answer is required.

69.  As to paragraph 80, defendant, NY DOL, lacks sufficient
     knowledge, at this stage of the proceedings, of similarly
     situated employers and beneficiaries who mailed their
     applications on April 24, 2001, as it no longer has physical
     possession of the copies of the relevant applications and
     for that reason cannot and does not respond further.

70.  As to paragraph 81, of the Amended Complaint, defendant, NY
     DOL, neither admits nor denies the allegations as they
     constitute attempts to state conclusions of law as to which
     no answer is required.

71.  As to paragraph 82, defendant, NY DOL, denies allegations
     that labor certifications were received by it prior to April
     30, 2001. As to the remaining allegations in this paragraph,
     defendant, NY DOL, neither admits nor denies the allegations
     as they constitute attempts to state conclusions of law as
     to which no answer is required.

72.  As to paragraph 83, defendant, NY DOL, lacks sufficient
     information or belief to determine, at this stage of the
     proceedings, whether the allegations in this paragraph  are
     true or not and for these reasons cannot and does not

respond further.

73.  As to paragraph 84, defendant, NY DOL assumes that what this
     paragraph calls "the memorandum set forth by the United
     States Department of Labor on the applications received
     prior to April 30, 2001" is the same as the "Directive dated
     March 9, 2001" referred to in the Amended Complaint's
     paragraph 7, and on that assumption, denies each and every
     allegation therein.

**COUNT VIII**

74.  For its answer to paragraph 85 thereof defendant, NY DOL,
     realleges its answers to preceding paragraphs, inclusive, as
     if fully set forth herein.

75.  As to paragraph 86, defendant NY DOL lacks sufficient
     knowledge or information to determine, at this stage of the
     proceedings, whether the allegations are true or false as it
     no longer has physical possession of the copies of the
     relevant applications, although NY DOL computer records show
     that the documents were received on May 3, 2001, and for
     that reason cannot and does not respond further.

76.  As to paragraph 87, defendant, NY DOL, denies allegations

therein insofar as they allege that NY DOL acted arbitrarily, capriciously or contrary to stated policy, and in other respects, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

77. As to paragraph 88, defendant, NY DOL, lacks sufficient knowledge, at this stage of the proceedings, of similarly situated employers and beneficiaries who mailed their applications on April 24, 2001, as it no longer has physical possession of the copies of the relevant applications and for that reason cannot and does not respond further.

78. As to paragraph 89, of the Amended Complaint, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

79. As to paragraph 90, defendant, NY DOL, denies allegations that labor certifications were received by it prior to April 30, 2001. As to the remaining allegations in this paragraph, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

22

80. As to paragraph 91, defendant, NY DOL, lacks sufficient information or belief to determine, at this stage of the proceedings, whether the allegations in this paragraph are true or not and for these reasons cannot and does not respond further.

81. As to paragraph 92, defendant, NY DOL assumes that what this paragraph calls "the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001" is the same as the "Directive dated March 9, 2001" referred to in the Amended Complaint's paragraph 7, and on that assumption, denies each and every allegation therein.

**COUNT IX**

82. For its answer to paragraph 93 thereof, defendant, NY DOL, realleges its answers to preceding paragraphs, inclusive, as if fully set forth herein.

83. As to paragraph 94, defendant NY DOL lacks sufficient knowledge or information to determine, at this stage of the proceedings, whether the allegations are true or false as it no longer has physical possession of the copies of the

relevant applications, although NY DOL computer records show
that the documents were received on May 3, 2001, and for
that reason cannot and does not respond further.

84. As to paragraph 95, defendant, NY DOL, denies allegations
therein insofar as they allege that NY DOL acted
arbitrarily, capriciously or contrary to stated policy, and
in other respects, neither admits nor denies the allegations
as they constitute attempts to state conclusions of law as
to which no answer is required.

85. As to paragraph 96, defendant, NY DOL, lacks sufficient
knowledge, at this stage of the proceedings, of similarly
situated employers and beneficiaries who mailed their
applications on April 24, 2001, as it no longer has physical
possession of the copies of the relevant applications and
for that reason cannot and does not respond further.

86. As to paragraph 97, of the Amended Complaint, defendant, NY
DOL, neither admits nor denies the allegations as they
constitute attempts to state conclusions of law as to which
no answer is required.

87. As to paragraph 98, defendant, NY DOL, denies allegations

that labor certifications were received by it prior to April 30, 2001. As to the remaining allegations in this paragraph, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

88. As to paragraph 99, defendant, NY DOL, lacks sufficient information or belief to determine, at this stage of the proceedings, whether the allegations in this paragraph  are true or not and for these reasons cannot and does not respond further.

89. As to paragraph 100, defendant, NY DOL assumes that what this paragraph calls "the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001" is the same as the "Directive dated March 9, 2001" referred to in the Amended Complaint's paragraph 7, and on that assumption, denies each and every allegation therein.

**COUNT X**

90. For its answer to paragraph 101 thereof, defendant, NY DOL,  realleges its answers to preceding paragraphs, inclusive, as if fully set forth herein.

91.  As to paragraph 102, defendant NY DOL lacks sufficient
     knowledge or information to determine, at this stage of the
     proceedings, whether the allegations are true or false as it
     no longer has physical possession of the copies of the
     relevant applications, although NY DOL computer records show
     that the documents were received on May 3, 2001, and for
     that reason cannot and does not respond further.

92.  As to paragraph 103, defendant, NY DOL, denies allegations
     therein insofar as they allege that NY DOL acted
     arbitrarily, capriciously or contrary to stated policy, and
     in other respects, neither admits nor denies the allegations
     as they constitute attempts to state conclusions of law as
     to which no answer is required.

93.  As to paragraph 104, defendant, NY DOL, lacks sufficient
     knowledge, at this stage of the proceedings, of similarly
     situated employers and beneficiaries who mailed their
     applications on April 24, 2001, as it no longer has physical
     possession of the copies of the relevant applications and
     for that reason cannot and does not respond further.

94.  As to paragraph 105, of the Amended Complaint, defendant, NY

DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

95.   As to paragraph 106, defendant, NY DOL, denies allegations that labor certifications were received by it prior to April 30, 2001. As to the remaining allegations in this paragraph, defendant, NY DOL, neither admits nor denies the allegations as they constitute attempts to state conclusions of law as to which no answer is required.

96.   As to paragraph 107, defendant, NY DOL, lacks sufficient information or belief to determine, at this stage of the proceedings, whether the allegations in this paragraph  are true or not and for these reasons cannot and does not respond further.

97.   As to paragraph 108, defendant, NY DOL assumes that what this paragraph calls "the memorandum set forth by the United States Department of Labor on the applications received prior to April 30, 2001" is the same as the "Directive dated March 9, 2001" referred to in the Amended Complaint's paragraph 7, and on that assumption, denies each and every allegation therein.

## FIRST AFFIRMATIVE DEFENSE

98. Defendant, NY DOL, asserts that it stamped all applications for labor certification on the dates they were received in accordance with its policy.

99. Defendant, NY DOL, takes no position as to plaintiffs' allegations concerning when the applications were mailed or as to whether plaintiffs should get the benefit of the mailing date, regardless of when the applications were received.  It has no objection to issuing a new priority date before April 30, 2001, upon that basis, should the court find it authorized to do so.

100. Inasmuch as defendant, NY DOL, has no objection to issuing a new priority date before April 30, 2001 based on the mail date of plaintiffs' applications if it is found to be authorized to do so, and by definition cannot do so if it is found not to be so authorized, there is no cognizable claim or dispute against it and it should be dismissed as a defendant pursuant to Rules 12(b)(1), 12(b)(6) and/or 21 of the Federal Rules of Civil Procedure.

28

## SECOND AFFIRMATIVE DEFENSE

101. This Court Lacks jurisdiction over the defendant, NY DOL, as Defendant, NY DOL, is not an officer or employee of the United States or agency thereof, required to establish jurisdiction under 28 U.S.C. § 1361.


## THIRD AFFIRMATIVE DEFENSE

102. To the extent that this complaint seeks a preliminary injunction, plaintiffs have not alleged, much less proved, the elements necessary for such relief.

## PRAYER FOR RELIEF

WHERFORE, defendant, NY DOL, requests that the Court:

a. Dismiss the Amended Complaint of the plaintiff as to this defendant for lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, and/or misjoinder of parties.

b. Grant this defendant any and all other relief to which it may be justly entitled.


Date: March 12, 2008

                              Respectfully Submitted,

Jennifer Brand                   Andrew M. Cuomo
Assistant Attorney General       Attorney General of the
   In Charge of Labor Bureau        State of New York
                                 120 Broadway
Jennifer Huggins                 New York, NY 10271
 Assistant Attorney General      (212) 416-8856
 Of Counsel
                                 By:

                                     /s/

                                 Seth Kupferberg (SK-4511)
                                 Assistant Attorney General

30