UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

STEVE MERINGOFF, AGRIMARIO P. LEITE, ESQ
BUSINESS SERVICES, INC., NARNEET RANDHAWA, NV
AIR, INC., HARNAN TAPIA, DE NARDIS, INC., MOISES
ALVAREZ, LIBERTY MARBLE, BERTHA GLORIA
RAMIREZ-VILLAMIL, KID CORP., d/b/a MANATUR
RESTAURANT, ROQUE CRUZ, BBR, INC., JAVIER
ESTEBAN, MIA FISHER, SEVERA BALBUENA, NATLEX,
INC., d/b/a BURRITO LOCO, MIQUEL ANGEL MORAN,
PAMELA B. SCHOEN, and KATY M. QUISPE,

          Plaintiffs,

-v-

MICHAEL B. MUKASEY, UNITED STATES ATTORNEY
GENERAL, MARY ANN GANTNER, DISTRICT DIRECTOR,
UNITED STATES CITIZENSHIP AND IMMIGRATION
SERVICES, JOHN E. POTTER, POSTMASTER GENERAL
AND CHIEF EXECUTIVE OFFICER, UNITED STATES
POSTAL SERVICES, ELAINE L. CHAO, U.S. SECRETARY
OF LABOR, and PATRICIA SMITH, COMMISSIONER OF
LABOR NYS DEPARTMENT OF LABOR,

          Defendants.
---------------------------------------------------------------- x


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/08

07 Civ. 9870 (DC)

ECF Case

STIPULATION AND ORDER OF
SETTLEMENT AND DISMISSAL

    WHEREAS, on or about November 1, 2007, a Complaint for Declaratory Relief (the

"Original Complaint") was filed in the United States District Court for the Southern District of

New York in the above-captioned action seeking declaratory and injunctive relief;

    WHEREAS, pursuant to an Order dated February 11, 2008 granting leave to plaintiffs to

amend their Complaint, plaintiffs filed a Complaint for Declaratory Relief – Amended (the

"Amended Complaint") on or about February 15, 2008 in the above-captioned action, naming

four additional parties as plaintiffs;

    WHEREAS, the Amended Complaint alleges that, on April 24, 2001, applications for

Alien Employment Certification ("labor certification applications") on behalf of plaintiffs Leite,

Randhawa, Tapia, Alvarez, Ramirez-Villamil, Cruz, Esteban, Balbuena, Moran and Quispe (collectively, the "Employee Plaintiffs") were sent, *via* certified mail, to the New York State Department of Labor ("NYS Department of Labor") for processing pursuant to Section 245(i) of the Immigration and National Act ("Section 245(i)"), 8 U.S.C. § 1255(i), and applicable federal regulations;

WHEREAS, pursuant to 8 C.F.R. § 204.5(d), the New York State Department of Labor ("NYS Department of Labor") is an "office within the employment service system of the [United States] Department of Labor;"

WHEREAS, the NYS Department of Labor designates the date on which labor certification applications are received by it as the date that such applications are received for processing under 8 C.F.R. § 204.5(d);

WHEREAS, the labor certification applications filed on behalf of the Employee Plaintiffs were date-stamped by NYS Department of Labor as having been received on May 3, 2001;

WHEREAS, the Amended Complaint alleges that the United States Department of Labor issued final determinations in 2005 granting the labor certification applications filed on behalf of the Employee Plaintiffs and designating May 3, 2001 as the date of acceptance for processing, also known as the priority dates;

WHEREAS, plaintiffs have produced copies of certified mail receipts, which purport to show that the labor certification applications filed on behalf of the Employee Plaintiffs had been mailed on April 24, 2001;

WHEREAS, the Employee Plaintiffs intend to submit amended Section 245(i) applications to the United States Citizenship and Immigration Services to seek adjustment of status in the event that they receive appropriate documentation from the NYS Department of

2

Labor stating that, pursuant to 8 C.F.R. § 204.5(d), the labor certification applications filed on behalf of the Employee Plaintiffs were accepted for processing on or before April 30, 2001;

WHEREAS, the parties wish to resolve this matter and to avoid the uncertainty and expense of further litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among plaintiffs, the NYS Department of Labor, and the United States Department of Labor as follows:

1. Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Amended Complaint is voluntarily dismissed with prejudice as to Michael B. Mukasey, United States Attorney General; Mary Ann Gantner, District Director, United States Citizenship and Immigration Services; John E. Potter, Postmaster General of the United States; Elaine Chao, Secretary of Labor of the United States; and Patricia Smith, Commissioner of Labor of New York.

2. Within thirty (30) days of the entry of this Stipulation and Order of Settlement and Dismissal (the "Settlement Stipulation") as an Order of the Court, the NYS Department of Labor shall provide appropriate documentation to plaintiffs indicating that each Employee Plaintiff's respective labor certification application should reflect a priority date of April 30, 2001.

3. Within twenty (20) days after the issuance of the documentation described in paragraph "2" above and if requested by one or more of the Employee Plaintiffs, the United States Department of Labor shall issue a letter to any such requesting plaintiff(s) stating that the NYS Department of Labor is a local office "within the employment service system of the [United States] Department of Labor" and the date on which a labor certification application is accepted for processing by the NYS Department of Labor is the priority date under 8 C.F.R. § 204.5(d).

3

4. Plaintiffs hereby waive all rights to any cause of action relative to the liability of the New York State Department of Labor, the United States Department of Justice, the United States Citizenship and Immigration Services, the United States Department of Labor, and the United States Postal Service over the handling of the labor certification applications filed on behalf of the Employee Plaintiffs.

5. This settlement shall be without costs or fees to any party.

6. Plaintiffs, the NYS Department of Labor and the United States Department of Labor understand and agree that this Settlement Stipulation contains the entire agreement among them,

4

and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

Dated: New Haven, Connecticut
July 31, 2008

*Counsel for Plaintiffs*

By: /s/ Glenn L. Formica

Glenn L. Formica,
Admitted *Pro Hac Vice*
Formica, P.C., 27 Elm Street
New Haven, Connecticut 06510
Telephone: (203) 789-8456
Facsimile: (203) 785-0778
Email: Courts@formicalaw.com

Dated: New York, New York
August 1, 2008

MICHAEL J. GARCIA
United States Attorney

By: /s/ Li Yu

LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2734
Facsimile No. (212) 637-2686
Email: Li.Yu@usdoj.gov

Dated: New York, New York
July 30, 2008

ANDREW M. CUOMO
*Counsel for NYS Department of Labor*

By: /s/ Jennifer Huggins

Jennifer Huggins
Assistant Attorney General
120 Broadway, 26th Floor
New York, NY 10271
Telephone: (212) 416-8714
Facsimile: (212) 416-8694
Email: Jennifer.Huggins@oag.state.ny.us

So Ordered:

/s/ Denny Chin
HON. DENNY CHIN
UNITED STATES DISTRICT JUDGE
Dated: 8/13/08